Why don't you let Phil do this one? I can't roll my R's. It's been a series of contention for the last couple of years. I want you to take over. Can I roll them? I'm trying. I'm trying. May it please the court. Yes, that wasn't about you. May it please the court. My name is John Baylor. I'm a trans-Christian. I represent the appellant, Dr. Hugo Castellanos Monzon. If it pleases the court, may I reserve two minutes for rebuttal? Sure. Thank you, Your Honor. Now, as the essential facts of this case underlying this appeal are not relatively disputable, dispense with the reading, unless there are any further questions on the facts. That's a wise move. Let me ask this. In reading the Icarus and the treaty, it certainly looks like the elements and the defenses are to be considered in the conjunctive, because aim is there, not war. But every court that's looked at this has gone the other way. Given that, why should there be some error? Yes, Your Honor, I believe the district court looked at the previous cases and saw that they were treated disjunctively. However, as I note in our brief, the issue has not come up in any of the cases that I saw, nor in any of the cases that were cited by the atelier. The conjunctive-disjunctive issue, I believe, is an issue of first impression. Well, how can you interpret this statute, Icarus, without looking at that end and determining whether or not it really means and or it meant or? It's implicit in every adjudication under the statute, isn't it, where there's a request for return? Yes. Provided that the petitioner meets the burdens of proof to demonstrate that he had custody, was accessing custody, and did not acquiesce to the removal, then it would shift to that 9003E2 analysis of whether or not the child should be returned, or if the respondent opposes return, as to why it has never been addressed, Your Honor, or why it was not addressed in the district court. It seems like what's really in the back of everybody's mind is just a matter of logic. That if you have a situation where you find by clear and convincing evidence under Article 20 of the Convention that the return of the child would not be permitted by the fundamental principles of the requested state relating to the protection of human rights and fundamental freedoms, or if you had it binding under 13B, there's a grave risk that the return of the child would expose that child to physical or psychological harm or otherwise place the child in an intolerable situation. So let's just say you find one of those and you don't find any other. It would seem that it's illogical to say this child's going to get hurt real bad if she or he goes back, but they only found one out of these five conditions and too bad. Yes, Your Honor. As a preliminary note, I would like to note that those are not the facts here. I understand. I'm just thinking as to why it is that every single court has read these provisions disjunctively when you have the word and actually used, so that means conjunctive. There's got to be a reason, and that seems to me to be just a plain street conversation with somebody. I'm not going to send anybody back that's going to be in an intolerable situation. That's not what this Convention's all about. Well, Your Honor, I'm not having any cases on point. I can't say for certain why the district courts and the appellate courts have applied as they have. However, in that hypothetical, I'd like to note that the remedies under 9003H, the remedies under the Convention are not exclusive, and so the remedies established by the Convention in this chapter shall be in addition to remedies available under laws or international agreements. And I would posit for Your Honors that in a case where you could prove by clear and convincing evidence that a child would be exposed to a risk of violence, psychological torture, sexual assault, things of that nature, that child is eligible under other state, federal, or international treaties to avoid return. The Respondent's only defense is not only those laid forward in 9003E2, the United Nations Convention on the Rights of the Child, First Declaration of Human Rights, United States federal amnesty provisions, all provide to avoid return of the child in cases where that can be demonstrated. And if you could go to a district court and demonstrate that by clear and convincing evidence, I'd posit you have a pretty straightforward case under those laws as well. Also, maybe you can address, and I skipped ahead of it, the Lozano issue, and the one-year statute in your submission that we ought to read equitable tolling where the Congress intended equitable tolling to apply in the one-year provision for filing. Why does Lozano totally destroy that argument? Your Honor, I don't believe that I argued that. I don't believe equitable tolling should be applied in this instance. Okay. I'm not arguing for return over Lozano. I was merely stating that the holding in Lozano, which came in 2014, and the cases as to when the date of the petition was filed, the cases cited by the district court were 1997 and 2001 from the Eastern District of Michigan and the Eastern District of New York. Those cases, in conjunction with Lozano, put very strict timelines on when a petitioner can file.  That wasn't the appropriate filing in Lozano, correct? No. Sorry, Your Honor. That wasn't the right place to file? The convention provides that one contracting state shall contact the other contracting state.  Now, the convention provides that the contracting state shall take their own appropriate measures and use the most expeditious procedures available. So what we know before us today is that Dr. Castellanos contacted the Guatemalan Department of State, which contacted the U.S. Department of State, and placed him on a waiting list for a pro bono attorney. And on that list he sat, and as he sat, his rights to his child disappeared after that one-year period. Well, that's not – the presumptions changed, but the right to the child didn't disappear. The right to the child did not disappear. The judge exercised – she recognized here that she had discretion, despite the record here to order the return of the child, and decided she wasn't going to exercise the discretion to do that, given the testimony that she heard. So the right to the child, the right in quotation marks, did not disappear, really. It just became more difficult to secure the child's return. Yes, Your Honor. Under the test the district court applied, the right did not expire or disappear. It simply became more difficult under the district court's interpretation. All right. Now, Your Honors, if I may, just to touch a little further on the and. It is not to the courts to change what Congress has set forth. There was no case that I could find, no case cited by Appelli where and can mean or in the context of this. But it's not to the courts unless – you take the plain meaning as it is, unless it would be absurd. And I think what you're hearing from the courts, in effect, is it would be absurd to send somebody back who could be harmed very significantly. In fact, you're pretty sure they will be. And that's it. It also looks, for example, when you look at the convention, Article 20, it looks like it's a stand-alone provision. Right? Yes, Your Honor. However, the United States Congress, when the enacting statute is the ICARA statute, the convention forms the basis for how Congress determined ICARA and set it forth. And Congress, when setting it forth, did make their own modifications to the statute. They added burdens of proof, for instance. There is a presumption based on how they drew the statute that they drew it to be conjunctive. And that's in furtherance with the goals of the convention, which are to secure the proper term of the child. You mentioned burden of proof, and that's the heading to 9003E2, is that correct? That is the heading, Your Honor. What do you think that means? What role should that section heading play? Your Honor, I believe the statute heading sets forth the test. And statute headings, along with the objective section or any findings and purpose section, those are keys to the court in helping resolve ambiguity in the statute. However, those are only keys when the court has determined that there is ambiguity in the statute. It's appellant's position that there are few instances where there is something less ambiguous than an and conjoining two separate sets of a statute. In all of the cases that we have looked at, the times that and has been found to be ambiguous or has been found to be disjunctive, and was in the context of a sentence. Mr. Chamberlain, Mr. Chamberlain's point that what may appear on its face to be totally straightforward and unambiguous, if we're interpreting it to a ridiculous result, that does create ambiguity, doesn't it? And then from that ridiculous result, impose an obligation under the canons of statutory construction, that we interpret the statute in a way to avoid that, because we have to assume Congress would not intend an absurdity. And maybe that's a bit of a stretch, but that's the statutory canon that we operate under. Yes, Your Honor. Well, as we mentioned earlier, the facts in this situation are not those facts under that absurdity. And if this Congress does intend for this to be an or, and it is simply a mistake, then Congress will have more than enough time to remedy that situation if it's brought before them. And I'm sure they'll do so with dispatch. Yes, Your Honor. And as we mentioned before, these remedies are not exclusive. 9003E2 is not the respondent, the appellee's only chance to prevent the return. If in this situation that she could prove by clear and convincing evidence, there are other federal statutes, other state laws, other international treaties, under which she could raise a defense to return. So are you suggesting we reverse the judge or send it back and have her consider this written as an and statute? Your Honor, all of the facts were elucidated at district court level. I don't believe it's necessary. I believe that the district court judge could issue a ruling on grave risk without further factual testimony. I don't think that there is a necessity of further fact testimony. But if it was to be sent back as an and, I think that's how the district court would go on. But what would that get you? Because she did find the testimony credible, the two experts that the respondent produced. She did find it. She actually has the discretion. So whether it's an and or an or, it's going to end up in the same place given what the district court found? No, Your Honor. If the district court was to require an and, the district court would need to find an additional. . . In addition to finding that the child was well settled, the district court would need to find, by clear and convincing evidence, a grave risk of returning the child. She phoned Dr. Sanford. I think it was Sanford. She phoned Dr. Sanford to testify on credibility. She did not then go a step further and make a finding of fact that the kid would be subject to risk upon return. That's the subject of the testimony she found credible. She explicitly declined to reach a statement on grave risk, and it is for the court to determine if it was sent back down if there was grave risk by clear and convincing evidence. However, the evidence before the trial court is vastly dissimilar from prior cases where grave risk was found, cases where the father or the objecting parent. . . So are you suggesting she abused her discretion? I'm not sure what you want us to do here. No, Your Honor, not that she abused her discretion. No, Your Honor, that she failed to apply both prongs of the statutory test, that she went halfway through the statutory test and found that the child was well settled but did not make a finding as to grave risk or fundamental violation of human rights. And had she determined that there was grave risk, then the respondent would have met her burden and the child should stay. But had she not met the burden of grave risk, merely that the child was well settled under this conjunctive test, the respondent would not have met her burden and the child should be returned to Guatemala. Thank you. Good afternoon, Your Honors. May it please the Court, my name is Mark DiCiccio. I represent the appellee, Ingrid de la Roca. Let me ask you, under 9003E2, it says that you have to find one of two things by clear and convincing evidence, and that's 13B and 20. Yes, Your Honor. And you have to find one of three things under a preponderance of the evidence test, such as well settled, which is what was found here. All that was found was well settled. Why shouldn't we have to send this back and say, look, you need to find if there is another prong here that's met in order to comply with the literal words of the statute? Because I think when you read the words of the statute in context, Your Honor, it doesn't require the two elements that Dr. Castellanos has argued for here. I think the section heading, which you pointed out, bears a proof. When you read it, I think what Congress was intending to say, and I agree that with the full light of hindsight it could have been written more artfully, was that when a respondent is trying to show an exception under Articles 13B or 20, the respondent needs to meet the clear and convincing standard. And when the respondent is trying to show one of the exceptions under Article 12 or the other exceptions under Article 13, the respondent needs to satisfy only the preponderance of the evidence standard. But here it's backwards. The example I gave to your opposing counsel was assume one of the items that you need to prove by clear and convincing evidence, something that, you know, fundamental violations of human rights or puts the child in an intolerable situation. And if you read the statute conjunctively and having found one of those two things, I can understand why somebody would say it's absurd. But where all that's found is that this child is well settled in the locality, which all you need is 50.1, why don't you need to show one of the other important things that you need to show by clear and convincing evidence, either a violation of human rights or putting the child in an intolerable situation? So two things, two reasons, Your Honor. One is that you need to look at both scenarios. You can't say, well, it would be absurd and so we'll read it disjunctively when someone's proceeding under 13B or 20 and we'll read it conjunctively when they're trying to proceed under 12 or 13 or 13A. There's just no basis in the statute for doing it that way. And the other answer I would give, Your Honor, is that consideration you're talking about is where Article 18 of the convention comes in. Because as one of your colleagues pointed out, there was a discretionary determination made here and that's, I think, where if there's a concern, so once Article 12 is satisfied, once the well settled exception has been found, all that does is then empower the district court to take into consideration all the facts and circumstances, and this was the whole point of Justice Alito's concurrence in the Lozano case, that a district court can take into account all the facts, all the circumstances, why the child was taken, what happened when the child was taken, has the child been secreted from its parent, denied access. All those facts can be considered and the court can make an informed judgment about what should happen with the child pending a custody determination. If you were to prioritize these five items, Articles 12, 13A, 13B, and 20, how would you prioritize them? What's the most important item? I think, as Your Honor, I believe suggested, probably 20. The legislative history, if you will, of the convention bears that out, that it was something that was an indispensable element in the negotiation because there were convention party delegates who were concerned about the possibility that something would not fall within one of the enumerated exceptions, and yet shot the conscience, for lack of a better word. It would just be completely intolerable, so that's what I would put at the top of those. And I assume under that would be, it would either expose the child to some significant harm or place the child in an intolerable situation. Agreed, Your Honor, yes. And then of the remaining three, child of age and objects, the petitioner was not exercising his or her custody rights at the time of the wrongful removal, or the child is well settled. Do you put those on the same plane, or is one more important than the other? I put them, I can see them roughly being the same, Your Honor. I don't know that there's a clear distinction among them. Okay, so maybe the reason for the conjunctive by the people drafting this, because usually the general counsel's office in Congress is very careful. Even if something comes out of a committee that's a little messed up, the general counsel's office is extremely careful in how they go about using things like ands and ors. And it may be that once you get inside the realm of possibility here by a preponderance of the evidence that a child here, for example, is well settled, you still have to show one of the two significant things by clear and convincing evidence. Isn't that a possibility? I don't think so, Your Honor. The legislative history, what there is, doesn't bear that out. There's a House Judiciary Committee report that discusses this section specifically. And it says that the committee's of the opinion that some distinction between the burdens of proof for these two categories of exceptions is appropriate, but doesn't suggest that there is any sort of fallout or waterfall. If you meet A, then you must also meet B. Just that the two should be treated, the two categories should be treated differently. That's HR Report 100-525, page 10. It's not cited in our papers. But that's the extant legislative history that we're aware of. And I think, Your Honor, the textual evidence in the statute itself really bears this out, that Section 9001B1 of the statute says that the purpose of ICARA is to establish, quote, 9001B2 says that the statutory provisions are, quote, in addition to and not in lieu of the provisions of the convention. Section 9003B says that a court deciding a petition case for the return of a child must decide the case, quote, in accordance with the convention. All the statutory evidence that we have indicates that Congress was trying to prescribe the level of certainty to which particular facts needed to be established. It wasn't trying to change what facts needed to be established in order to take a case outside of the return obligation of Article 12 and kick it over into the discretionary determination of a court. And the Congress and the Supreme Court in the Lozano case said something to the same effect. It said that ICARA does not purport to alter the convention. There's no indication that we could find from any court or really any authority anywhere that Congress was trying to supplant the five exceptions that were declared by the convention's drafters with this single exception with multiple subparts, as Dr. Castellanos argues for here. And I think, Your Honor, it is consistent with the doctrine of absurd results. And it's consistent with what we know about how Congress drafts statutes because if Congress was going to go against the way that the convention had been structured, the way that our partner countries have adopted it, and was going to rewrite that, we would expect to see something a lot more significant than an and versus an or. Justice Scalia in a 2004 decision, I think it was, a Whitman versus American trucking, said the Supreme Court doesn't hide elephants in mouse holes. And that logic, I think, applies here, too. If Congress were going to fundamentally reshape how we're going to effectuate our agreement with the rest of the world, they would have done it in some way other than a section titled burdens of proof and a conjunction of and. Well, the burden of proof is by clear and convincing in one section and by preponderance of the evidence in another. Forget this case for the moment. If I say to you that if you oppose what your opposition, opposing counsel, wishes to do, if you oppose it, you've got the burden of showing by clear and convincing evidence A or B and by a preponderance of the evidence of C, D, or E. That's not illogical, is it? I mean, as a pure construct of logic. As a bicycles in a park statute? No, that's not an unconscionable or unusual way of drafting a statute. The problem is when you consider that that is not a substantive provision, that that by Congress's own declaration is merely a procedural provision and is legislated against the backdrop of an international convention, which Congress has declared that uniformity in construction is important. And again, the legislative history of the convention... The convention itself is not binding law. That is correct. Medellin is, of course, perfectly clear on that. It's not a self-executing treaty and required this statute to be passed in order to execute it. But again, when Congress did that, it made clear in the declaration section in section 9001 that it was attempting to simply establish procedures and to domesticate the substantive provisions of the convention for the United States. There's no clear indication. There's no indication other than the one, of course, that Dr. Castellanos has pointed out, that would suggest in any way that there's any intent on the part of Congress to supplant those substantive provisions and put a single two-part exception in their place. Okay. Thank you. Okay. Thank you, Your Honors. Thank you. Thank you, Your Honors. I'd like to step forward just to go right to the end with not an unusual way of drafting a statute. It is the predominant way of drafting a statute is if you want a conjunctive, you put an, and if you want a disjunctive, you put or. And the issue could have been wholly resolved if Congress intended a disjunctive test by using or to join E-1 and E-2. Sorry, E-2a and E-2b, excuse me. Now, there are means of which the Congress did amend the convention. The convention does not place burdens of proof. It does not say by what standard the test needs to be met to oppose a term. Congress said that. And Congress, as that part, also made it a conjunctive test, which isn't inconsistent with the goals of the convention, which are to secure the proper return of children wrongfully removed and to ensure the rights of custody and access are effectively respected. The goal of this convention was not to provide amnesty or refugee status for people bringing their children to a different contracting state. The goal of this convention was to enforce the laws of one contracting state as to custody in other contracting states. And so that Guatemala respects the United States' custodial determinations, the United States respects Guatemala's custodial determinations. And this reading, this high bar that the respondent has to meet, is consistent with the convention's goals, which is to ensure the proper return of children to states and to ensure that the rights of custody are respected. As to the original jurisdiction.  Anything else? Thank you. Drinker is pro bono in this case, is that right? Yes, Your Honor. I do very much want to express the court's gratitude to the firm for taking the case on pro bono. And I don't know who there is, the person who calls that shot. My guess is someone at the higher pedigree than the three of you, the folks sitting over there. But please give that message back, take that message back, and extend our gratitude. Thank you, Your Honor. You don't run the firm? No. No, no, no.